IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOUIE CARBAJAL, et al.

       Plaintiffs,

vs.                                                                                          No. CIV 98-279 MV/DJS

ALBUQUERQUE PUBLIC SCHOOL DISTRICT,

       Defendant,

vs.

DEBORAH BURCIAGA, et al.

       Defendant-Intervenors and Cross Claimants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Intervenors' Motion to Vacate Amended Pretrial Order in Part, filed May 11, 1999 **[Doc. No. 110]**. The Court, having considered the pleadings, relevant law, and being otherwise fully informed finds that to the extent it is not now moot, the motion is well taken and will be **granted**.

Claiming that the Court was erroneously given the impression that Intervenors had approved the Amended Pretrial Order filed April 8, 1999, Intervenors seek to strike certain Plaintiffs' witnesses which appear in that order but which Plaintiffs did not disclose to Intervenors during discovery. Also claiming that Plaintiffs have withdrawn their challenge to New Mexico's Bilingual Multicultural Education Act (BMEA), N.M. Stat. Ann. § 22-23-1 (Michie 1998), Intervenors seek to modify the

Pretrial Order to reflect a dismissal with prejudice of that challenge.

The Court will grant the motion with respect to the additional witnesses Plaintiffs have listed. Plaintiffs admit having listed nine new witnesses, after the close of discovery, only weeks before trial in this matter. Plaintiffs' only response to the challenge of this late listing is to state that these witnesses were well known to all parties in this litigation, since they are all Albuquerque School Board members. Plaintiffs add that only these witnesses may testify as to the success of the bilingual education program. The Court finds this response unsatisfactory. Neither Intervenors nor Defendant has had an opportunity to depose these witnesses, nor can they conduct meaningful depositions at this late date, with trial set for June 7, 1999. To allow the testimony of these witnesses under these circumstances would unfairly prejudice Intervenors and Defendant.

Intervenors also urge the Court to dismiss the BMEA claims with prejudice. This request is now moot as a result of the Court's May 15 Memorandum Opinion and Order granting summary judgment against Plaintiffs on those claims. Nevertheless, the Court addresses here why, prior to that latest ruling, the BMEA claims Plaintiffs had brought were still a part of this litigation.

The Second Amended Complaint, although not listing a separate count challenging the BMEA, contained a facial and as-applied challenge to that Act in six of its eight counts. There can be no dispute, then, that as of March 23, 1999, Plaintiffs' BMEA claims were still a justiciable controversy. Intervenors represent that five days later Plaintiffs proposed to dismiss their BMEA claims. The parties disagreed on the scope of the dismissal and on whether Plaintiffs might still be liable for costs and fees, however. In any event, Plaintiffs did not file a motion to dismiss those claims. Instead, Plaintiffs simply did not include the BMEA claims in their portion of the Pretrial Order, and now take the position that they have abandoned those claims. Plaintiffs' actions with

2

respect to withdrawing those claims were insufficient.

Through the expedient mechanism of not listing the BMEA claims in the Pretrial Order, it appears that Plaintiffs hoped to accomplish in a less than straightforward manner what they could not obtain outright: a dismissal without prejudice of the BMEA claims without monetary consequences. If Plaintiffs intended to move the Court for dismissal without prejudice of those claims, they should have done so. Plaintiffs did not present the Court with such a motion, allegedly because Defendants and Intervenors would only agree to a dismissal with prejudice or would not waive any right they may have to claim fees and costs associated with the BMEA claims. Plaintiffs, however, can not have it both ways. They must move for a dismissal of the claims, with or without the concurrence of opposing parties, and accept the consequences. In the alternative, Plaintiffs must press their claims to trial. They can not, by the sleight-of-hand of not listing those claims in the Pretrial Order, avoid any imposition of costs that may result from this dismissal or avoid a response from opposing parties on a motion to dismiss without prejudice.

Moreover, while the Court will not require that litigants act expeditiously, the Court does require that litigants be clear in their actions. There are indications in the pleadings that Plaintiffs were contemplating dismissing the BMEA claims in November, 1998. Plaintiffs waited until briefing was complete on a summary judgment motion and until after they had filed a second amended complaint to bring BMEA dismissal to the fore. Plaintiffs never moved the Court for dismissal, and even when completing the Pretrial Order never affirmatively stated that they were no longer pressing their BMEA claims. Silence in a pretrial order as to a claim, without more, does not indicate a deliberate waiver of that claim. *See, e.g., Gelfgreen v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 82 (9th Cir. 1982). Plaintiffs never alerted the Court that it might not need to consider the summary

3

judgment motion addressing the BMEA claims. Plaintiffs' actions were anything but clear.

A court must construe all pleadings "as to do substantial justice." Fed. R. Civ. P. 8(f). It would not be substantial justice to allow Plaintiffs to benefit from an ambiguous course of action which, either intentionally or haphazardly, left unresolved a core issue of this litigation: whether Plaintiffs were indeed challenging New Mexico's Bilingual Multicultural Education Act. Plaintiffs' attempt at withdrawing their BMEA claims were utterly insufficient to notify the Court of their decision to move for dismissal of those claims.

THEREFORE,

IT IS HEREBY ORDERED that Intervenors' Motion to Vacate Amended Pretrial Order in Part, filed May 11, 1999 **[Doc. No. 110]** be, and hereby is, **granted**.

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

| Counsel for Plaintiffs | Counsel for Defendant | Counsel for Intervenors |
|---|---|---|
| Paul Adams | George McFall | Toney Anaya |
| David Standridge | Arthur Melendres | Andrew Vallejos |
| Hugh Joseph Beard | | Albert Kauffman |
| Brian Pangrle | | Cynthia Cano |
| | | Nina Perales |
| | | Javier Maldonado |
| | | Roger Rice |
| | | Antonio Anaya |
| | | Jane Lopez |