CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
99 JUN -2 AM 11: 32
Robert M. March
CLERK-SANTA FE

LOUIE CARBAJAL, et al.

    Plaintiffs,

v.                                                            No. CIV 98-279 MV/DJS

ALBUQUERQUE PUBLIC SCHOOL DISTRICT,

    Defendant,

v.

DEBORAH BURCIAGA, et al.

    Defendant-Intervenors and Cross Claimants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Intervenors' Motion to Strike Plaintiffs' Jury Demand, filed May 26, 1999. Having considered the pleadings, relevant law, and being otherwise fully informed the Court finds that the motion is well taken and will be **granted**.

Following the Court's ruling on outstanding dispositive motions, what remains to be tried in this case are Plaintiffs' claims for violations of the Equal Educational Opportunities Act ("EEOA"), 20 U.S.C. § 1703, and impermissible retaliation under 34 C.F.R. § 100.7.[1] The retaliation claims seek damages, while the statutory claims ask only for injunctive relief. Due in part to the nature of the relief sought, Intervenors have moved to strike Plaintiffs' jury demand for the EEOA claims.

---

[1] Intervenors and Defendant may have reached a settlement in principle with respect to the cross claims.

120

Plaintiffs do not argue that under Seventh Amendment jurisprudence they are entitled to a jury trial on their claim for injunctive relief. Rather, Plaintiffs assert that a determination of facts in common between the legal and equitable claims may, were the equitable claim to be tried first, deprive them of the right to a jury trial on their retaliation count. Intervenors dispute the assertion that common factual issues exist between the equitable and legal claims.

It is settled law that "maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 501 (1959). Thus, courts must be cautious in deciding whether or how to bifurcate a trial. *See id.*; *see also Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.* 890 F.2d 165, 170 (9th Cir. 1989). Where issues common to both equitable and legal claims arise, "the legal claims involved in the action must be determined prior to any final court determination of... equitable claims." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962). Given the disagreement on the extent of common factual issues between the EEOA and retaliation claims, caution ordinarily would dictate that this Court should either not bifurcate this trial or first present the legal claims to a jury.

Two factors, however, indicate that the Court need not be so circumspect in its ruling. The first is that Plaintiffs, at the pretrial conference in this case, explained that they would rather wait to try their retaliation claims until the Court has ruled on the EEOA claims and the Tenth Circuit had ruled on issues anticipated to go up on appeal. The second is that Plaintiffs and Defendant have represented to the Court that they contemplate jointly moving for a dismissal without prejudice of the

retaliation claims,[2] or asking the Court to stay those claims pending final resolution of the other issues in this litigation. Plaintiffs themselves, then, have undercut their argument with respect to any prejudice of their right to a jury trial that might occur if the trial of the EEOA claims were to precede a trial of the retaliation claims.[3] Because of Plaintiffs' representations, the Court concludes that bifurcation of the equitable and legal claims would not curtail Plaintiffs' Seventh Amendment rights.

**THEREFORE,**

**IT IS HEREBY ORDERED** that Intervenors' Motion to Strike Plaintiffs' Jury Demand, filed May 26, 1999 be, and hereby is, **granted**.

*[signature]*
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

May 26, 1999

| Counsel for Plaintiffs | Counsel for Defendant | Counsel for Intervenors |
|---|---|---|
| Paul Adams | George McFall | Toney Anaya |
| David Standridge | Arthur Melendres | Andrew Vallejos |
| Hugh Joseph Beard | | Albert Kauffman |
| Brian Pangrle | | Cynthia Cano |
| | | Nina Perales |
| | | Javier Maldonado |
| | | Roger Rice |
| | | Antonio Anaya |
| | | Jane Lopez |

---

[2] In the event of a joint motion for dismissal, Defendant would agree to waive any statute of limitations defenses that apply.

[3] Although Intervenors have moved to strike the jury demand on the EEOA claims, Intervenors have not taken a position with respect to staying or dismissing the retaliation claims.