IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOUIE CARBAJAL, et al.,

      Plaintiffs,

vs.                                                        CIV No. 98-279 MV/DJS

ALBUQUERQUE PUBLIC
SCHOOL DISTRICT,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's motion to amend Order of January 14, 2000, filed March 23, 2001 **[Doc. No. 174]** and Defendant's motion for leave to file motion for summary judgment as to Count VII of plaintiffs' amended complaint, filed March 23, 2001 **[Doc. No. 172]**.  The Court finds that Defendant's motion to amend Order of January 14, 2000 is well taken and will be **granted in part.**  Defendant's motion for leave to file motion for summary judgment is not well taken and will be **denied.**

### I.  Motion to Amend

Defendant Albuquerque Public Schools District (APS) requests this Court to amend its Order of January 14, 2000 to include an express direction for the entry of judgment on Claims I, II, III, IV, V, VI, and VIII.  Plaintiffs do not oppose the motion.

Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When more than one claim for relief is presented in an action ... the court may direct entry of judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Both parties agree that there is no just reason for delay and that an entry of judgment is appropriate. The only remaining claim is Plaintiffs' retaliation claim. The parties previously agreed to a stay of Plaintiffs' retaliation claim pending appeal. Defendant asserts that because the remaining retaliation claim is sufficiently distinct from the other counts in the complaint, the decision by this Court on the other seven counts should be appealable without waiting for a final adjudication on the remaining separate retaliation claim. Based upon the parties' previous and present agreements, the fact that the retaliation claim is outstanding does not argue in favor of denying the entry of judgment at this stage.

The Court stands by its earlier pronouncement that piecemeal appeals are disfavored. *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980). However, the Court also recognizes that plaintiffs' initial argument for a judgment in this case, which was initially denied, is more salient now. The Court had intended to resolve the remaining retaliation claim quickly after the briefing on the EEOA claim was complete. However, due to the Court's busy docket, the Court has been unable to do so. Over two years has lapsed since this Court granted summary judgment on most of Plaintiffs' claims, and over a year has passed since the Court entered findings of fact and conclusions of law on the EEOA claim. So as to not delay the appeal process further, the Court will enter a partial judgment pursuant to FED. R. CIV. P. 54(b). However, the Court need not amend its previous order to direct an entry of judgment. It will simply issue a judgment on the above claims.

## II. Motion for Leave to File Motion for Summary Judgment

Defendant requests leave to file a motion for summary judgment as to Count VII, the sole remaining count in Plaintiffs' Amended Complaint. Count VII addresses alleged retaliation taken

against Plaintiffs Hector Moreno, Lizet Aranda, and George Doak, in violation of Title VI and its implementing regulations. The motion deadline has passed. On February 26, 1999, Defendant previously filed three motions for summary judgment and a motion to dismiss. On that same day, Intervenors filed a motion for summary judgment. Although the parties agreed to stay the retaliation claim pending appeal of the other claims, this was not until August 1999, well after Defendant filed its other motions for summary judgment on the remaining counts. There is no reason why Defendant could not have raised a summary judgment motion on Count VII at the same time as they raised summary judgment motions on the other counts. Additionally, Plaintiffs argue that although they previously agreed to a stay of the remaining retaliation claim pending appeal of its other claims, they now wish to proceed to trial on the retaliation claim. Plaintiffs cite the age and status of the three-retaliation claim plaintiffs, and the fact that they have filed repeated requests for a trial setting on the retaliation claim as grounds to deny the motion for leave to file a motion for summary judgment at this stage.

The Court agrees with Plaintiffs that a motion for summary judgment is not appropriate at this late stage in the litigation. The Court previously stated that it planned to address the remaining retaliation claim in an expeditious manner once briefing on the EEOA claims was complete. *See* August 10, 1999 Order. Because of this Court's busy docket, the Court has been unable to provide a trial setting for Plaintiffs. However, delaying the resolution of the retaliation claims further with briefing on a summary judgment motion, which could have been dealt with earlier in the litigation, is not prudent. Therefore, the Court will proceed to trial on the remaining claim.

**WHEREFORE**, **IT IS HEREBY ORDERED** that Defendant's motion to amend Order

of January 14, 2000, filed March 23, 2001 **[Doc. No. 174]** is **granted in part.** This Court will enter a judgment on Claims I, II, III, IV, V, VI and VIII.

**IT IS FURTHER ORDERED** that Defendant's motion for leave to file motion for summary judgment as to Count VII of plaintiffs' amended complaint, filed March 23, 2001 **[Doc. No. 172]** is **denied**.

Dated this 15th day of August, 2001.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff
Paul Adams
Brian Pangrle
David Standridge

Attorneys for Defendant
George McFall
Arthur Melendres
Elizabeth Garcia